B. J. RUCKER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

W. J. RUCKER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 2928, 2929.   Promulgated December 27, 1927.

*J. B. Fogarty, Esq., William P. Bell, Esq.,* and *Herbert E. Smith, C. P. A.,* for the petitioners.

*Granville S. Borden, Esq.,* for the respondent.

OPINION.

Morris: The first allegation of error is that the respondent added to the income of the partnership the sum of $24,231.97 " timber sold Everett Logging Co." and the respondent has admitted the fact of such addition.

Certain timber was originally purchased by Miley in the spring of 1912, which he sold to the Tulalip Company, and that company in turn sold it to the Everett Logging Co. in 1916 for the total sum of $24,231.77. The purchase price to the Everett Logging Co. was paid $5,000 in 1916, $18,675.35 in 1917, and $556.40 in 1918. All of the foregoing amounts were paid to Tulalip Company and Miley endorsed the checks received subsequently to the initial cash payment of $5,000 in 1916 and made use of the proceeds to liquidate an indebtedness that he had incurred in the company.

While Rucker Brothers owned 50 per cent of the stock of the Tulalip Company and possibly there was some intermingling of accounts, the testimony is perfectly clear that the timber in question was owned by the Tulalip Company, sold by it, and, further, that the sale price was paid to it. We can see no justification for holding that the sum in question is taxable directly to the members of the firm of Rucker Brothers. Furthermore, even if we were to assume that the income was in fact taxable to the members of the firm of Rucker Brothers, we do not understand upon what theory in law it would be taxable to them in 1918, because it is clear that the transaction was consummated in 1916, and that all but a very small portion of the total sale price was received prior to December 31, 1917. We are of the opinion that the respondent erred in adding the sum in question to the income of the partnership of Rucker Brothers in 1918, and we therefore sustain the contention of the petitioner.

The second allegation of error is urged by the petitioner B. J. Rucker, only, and it relates to the question of whether his distributive share of the profits of the partnership of which he is a member, constitutes community income or whether it constitutes separate income and hence taxable to himself. The facts and circumstances with respect to this issue are the same as those existing in *B. J. Rucker*, 9 B. T. A. 915, wherein we held that the income in question was derived from his separate property and was taxable to

him, and we are therefore bound by our decision in that case with respect to the issue in the instant case.

Reviewed by the BOARD.

*Judgment will be entered on 15 days' notice, under Rule 50.*